983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silvestre MARTINEZ-ALANIZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando Javier MEDINA, Defendant-Appellant.
 Nos. 91-50414, 91-50655.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.*
Decided Dec. 31, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Co-defendants and appellants Silvestre Martinez-Alaniz ("Martinez") and Armando Javier Medina ("Medina") appeal their convictions, following guilty pleas, and their sentences under the Sentencing Guidelines for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988), and for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988).
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 At the Los Angeles airport, Martinez, Medina, and their companion and co-defendant, Jose Elias De La Rosa ("De La Rosa"), checked two suitcases from Los Angeles to Chicago. Identification tags were requested for the luggage by the airline ticket counter employee, Mr. Freeman. Two police detectives, called by a suspicious Mr. Freeman, requested the defendants' permission to inspect their luggage. Permission was granted by De La Rosa. Eleven kilograms of cocaine was discovered in each bag.
 
 
 4
 The appellants were placed under arrest and advised of their rights. The appellants filed motions to suppress evidence, which were denied by the district court. This appeal followed.[1]
 
 MOTION TO SUPPRESS EVIDENCE
 
 5
 The appellants contend that De La Rosa did not voluntarily consent to the search of the two suitcases because he did not understand English, and therefore did not understand the police's request to search the baggage. The district court considered and rejected this argument. A district court's findings of fact that consent was voluntary is reviewed for clear error. United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989), cert. denied, 493 U.S. 1025 (1990).
 
 
 6
 The evidence supports the finding that De La Rosa understood enough English to be able to consent to the search. The district court's findings are not clearly erroneous.
 
 
 7
 Secondly, the appellants argue that De La Rosa did not have either the actual or apparent authority over the suitcases to be able to voluntarily consent to the search.
 
 
 8
 A warrantless search is justified if consent is given by a third party who possessed "common authority" over the effects to be inspected. United States v. Yarbrough, 852 F.2d 1522, 1534 (9th Cir.), cert. denied, 488 U.S. 866 (1988). "Even if the consenting third party does not in fact possess actual authority to consent, a warrantless search may be justified when the authorities have reasonable grounds to believe the consentor has apparent authority to consent." Id. (emphasis in original); see also United States v. Guzman, 852 F.2d 1117, 1121 (9th Cir.1988) ("[c]onsent to search may be obtained from a third party with common authority over the premises, or with some sufficient relationship to the place or effects to be searched").
 
 
 9
 De La Rosa presented the tickets to the airline counter, and had the claim tags for the suitcases. No one had challenged his actual or apparent authority either at the airport or during the district court proceedings. The district court's findings are thus not clearly erroneous. De La Rosa had apparent authority over the suitcases such that he was able to voluntarily consent to their search.
 
 
 10
 The appellants also contend that since neither De La Rosa nor Medina indicated to the police the location of the luggage keys, any previous consent to the search was withdrawn.
 
 
 11
 We have held that "reluctance ... [to admit to] carrying the keys to his luggage was not enough to indicate [a defendant] had withdrawn his unambiguous statement of consent." Brown, 884 F.2d at 1312. In the present case, De La Rosa's and Medina's failure to indicate to the police the location of the luggage keys was not enough to withdraw the prior "unambiguous" statement of consent.
 
 
 12
 The search of the suitcases was proper and the evidence properly admitted at trial.
 
 MEDINA AS AN ORGANIZER
 
 13
 Whether Medina was an "organizer, leader, manager, or supervisor" pursuant to section 3B1.1 of the Sentencing Guidelines is a question of fact to be reviewed under the clearly erroneous standard. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990); see also United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990).
 
 
 14
 The factors considered in determining if an individual was the organizer, leader, manager, or supervisor include:
 
 
 15
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 16
 U.S.S.G. § 3B1.1, comment. (n. 3).
 
 
 17
 The Government had shown that Medina was a "mid-level cocaine broker." It also provided evidence that Medina had negotiated cocaine deals worth hundreds of thousands of dollars. In addition, Medina's house was used to repackage the cocaine; his truck was used to transport the group to the airport; Medina purchased the airplane tickets; and Medina knew the whereabouts of the luggage keys at the airport.
 
 
 18
 Medina's past criminal conduct can be used as relevant information in determining if Medina was an "organizer." The evidence presented to the court, considered in conjunction with Medina's past criminal conduct, was sufficient to demonstrate that the district court's finding that Medina was an organizer under section 3B1.1 was not clearly erroneous.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds No. 91-50414 suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 De La Rosa withdrew his appeal prior to the submission date