995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar GUTIERREZ-AGUILAR, Defendant-Appellant.
 No. 92-50567.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Gutierrez-Aguilar appeals his 14-month sentence imposed following his guilty plea to conspiracy to produce and transfer false documents in violation of 18 U.S.C. § 1028(a)(1) and (2) and two counts of knowingly transferring false identification documents in violation of 18 U.S.C. § 1028(a)(2). Aguilar contends that the district court erred by making an upward adjustment in his United States Sentencing Guidelines offense level based on its finding that he was "an organizer, leader, manager, or supervisor" under U.S.S.G. § 3B1.1(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Aguilar concedes that he had control of the counterfeited documents but contends that he could only have been an organizer or manager based upon his control or supervision of individuals.
 
 
 4
 We review for clear error whether a defendant was "an organizer, leader, manager or supervisor." United States v. Hoac, No. 91-50193, slip op. 2809, 2831 (9th Cir. March 26, 1993).
 
 
 5
 To warrant a two-level adjustment under § 3B1.1(c), the defendant must have exercised " 'control over others' " or have been " 'responsible for organizing others.' " Id. at 2832 (quoting United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (Rymer, J., dissenting)). Simply being one of the more culpable defendants or controlling or organizing the criminal enterprise is insufficient. See Hoac, slip op. at 2831 (adjustment not warranted where person organized the importation of heroin but did not organize other conspirators); Mares-Molina, 913 F.2d at 774 (person who knowingly leased warehouse to individuals who used it to store cocaine was not a manager or organizer if he did not control other conspirators).
 
 
 6
 Here, Aguilar negotiated the sales and transfer of counterfeited documents between codefendant Roman-Duran and undercover INS agents. On April 8, 1992, an undercover INS agent met with Aguilar to purchase counterfeit INS documents and Social Security cards. According to the Presentence Report, the agent observed Aguilar order an unidentified male Hispanic to cut counterfeit Social Security cards on a cutting board.
 
 
 7
 Even if Aguilar could not have been a manager or organizer based upon his control of the counterfeited documents, the adjustment was warranted based on the INS agent's observation of Aguilar's supervision and control of the unidentified male Hispanic. See Hoac, slip op. at 2831-32; Mares-Molina, 913 F.2d at 773-74. Accordingly, the district court did not clearly err in making the two-level upward adjustment pursuant to § 3B1.1(c). See Hoac, slip op. at 2831.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3