24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David CUEVAS-VALDOVINOS, Defendant-Appellant.
 No. 93-10417.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Cuevas-Valdovinos appeals his 70-month sentence imposed following entry of a guilty plea for conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), 846. Cuevas-Valdovinos contends that the district court erred by adjusting upward his offense level pursuant to U.S.S.G. Sec. 3B1.1(c) as a "manager" in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Cuevas-Valdovinos contends that the district court's finding that he acted as a "manager" in the drug distribution scheme was not supported by the evidence in the record. He argues that the district court merely adopted the unsupported conclusory statements in the presentence report as the basis for its decision to enhance his sentence.
 
 
 4
 We review for clear error the district court's determination that Cuevas-Valdovinos was "an organizer, leader, manager, or supervisor." See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). "The sentencing court may adopt the factual findings of the presentence report but may not adopt conclusory statements unsupported by the facts or the guidelines." United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993).
 
 
 5
 Factors to consider in determining whether an aggravating role enhancement is warranted include:
 
 
 6
 [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 7
 U.S.S.G. Sec. 3B1.1, comment n. 3. In order for section 3B1.1(c) to apply in the instant case, Cuevas-Valdovinos must have exercised some control over others involved in the commission of the offense, or he must have been responsible for organizing others for the purposes of carrying out the crime. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 8
 The government claims that Cuevas-Valdovinos acted as a "manager" because he oversaw the drug organization when the principal leader was out of town and because he organized his own network of subdealers. Cuevas-Valdovinos contends that the government has failed to support this contention with specific evidence in the record. We agree. There is insufficient evidence in the record to support the government's contention that Cuevas-Valdovinos recruited and organized his own network of subdealers, claimed a larger cut of the profits, or exercised any control over the customers to whom he sold drugs. See Mares-Molina, 913 F.2d at 773; see also United States v. Brown, 944 F.2d 1377, 1381-82 (7th Cir.1991) (seller of narcotics does not ordinarily "control" the buyer).
 
 
 9
 The presentencing report upon which the district court relied adopted the government's characterization of Cuevas-Valdovinos's role as a manager without providing any specific factual instances in support of its enhancement recommendation. Accordingly, we vacate Cuevas-Valdovinos's sentence and remand for resentencing with directions that the district court resolve, based upon a factual record, the disputed issues of fact regarding Cuevas-Valdovinos's role in the conspiracy. See Becerra, 992 F.2d at 966.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3