46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tomas Cruz VASQUEZ, Defendant-Appellant.
 No. 94-30165.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Cruz Vasquez appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to importation of a listed chemical in violation of 21 U.S.C. Sec. 960(d)(2) and 18 U.S.C. Sec. 2. Cruz contends that the district court erred in finding that he was an organizer, leader, manager, or supervisor under U.S.S.G. Sec. 3B1.1(c) and in imposing a two-point upward adjustment accordingly. We review for clear error. United States v. Mares-Molina, 913 F.2d 770 (9th Cir. 1993).
 
 
 3
 In order for section 3B1.1 to apply, "some degree of control or organizational authority over others is required." Id. at 773. Application Note 3 of section 3B1.1 lists several factors to be considered in determining whether the adjustment applies:
 
 
 4
 Factors the court should consider include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control or authority exercised over others.
 
 
 5
 Sentencing Guidelines, Sec. 3B1.1, Application Note 3. The record indicates that Cruz recruited an accomplice, Marcos Ramos, to participate in the criminal activity; that Cruz provided the instrumentality needed to complete the crime, a vehicle equipped with a false fuel tank; that Cruz provided transportation for himself and Ramos to Canada; that Cruz found the chemical supply store in Canada; that Cruz purchased the chemical using funds previously provided to him in California; and that, after the chemical had been secreted in the vehicle, Cruz drove to the border accompanied by Ramos. The district court did not clearly err in concluding based on these facts that Cruz was an organizer, leader, manager, or supervisor under section 3B1.1.
 
 
 6
 Nor is there any merit to Cruz's contention that the case should be remanded for further factual findings in light of United States v Harrison-Philpot, 978 F.2d 1520 (9th Cir.), cert. denied U.S. , 124 L.Ed.2d 294, 113 S.Ct. 2392 (1992). Unlike in Harrison-Philpot, the facts here are not in dispute, the record indicates that the district court did accept the probation officer's recommendation to enhance the offense level based on Cruz's role in the offense, and the district court did satisfy the requirements of 18 U.S.C. Sec. 3553(c) by stating, in open court, its general reasons for its imposition of the particular sentence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3