111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adolfo HERNANDEZ, Defendant-Appellant.
 Nos. 95-50416, 95-50418.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 10, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adolfo Hernandez appeals his sentences under the Sentencing Guidelines for his convictions of conspiracy to distribute methamphetamine (Appeal No. 95-50416, D.Ct. No. CR-94-1093-IEG) and conspiracy to possess marijuana with intent to distribute (Appeal No. 95-50418, D.Ct. No. CR-94-1094-IEG),[1] both in violation of 21 U.S.C. §§ 846, 841(a)(1). The offenses were charged in separate indictments, and Hernandez entered separate guilty pleas pursuant to separate plea agreements. Hernandez was sentenced in a single proceeding and received two identical, concurrent sentences.
 
 
 3
 Hernandez contends on appeal that the district court erred in giving him a four-level leadership enhancement on each sentence. See U.S.S.G. § 3B1.1(a). We review the district court's interpretation and application of the guidelines de novo, United States v. Oliver, 60 F.3d 547, 554 (9th Cir.1995), but review the district court's factual determination that Hernandez was a leader or organizer for clear error. See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). We affirm.
 
 
 4
 With respect to the marijuana conspiracy, Hernandez argues he should have received only a two-level "manager or supervisor" enhancement under § 3B1.1(b), rather than the four-level "organizer or leader" enhancement under § 3B1.1(a). He contends that the "organizer or leader" enhancement should be reserved for the top leadership of the overall drug conspiracy, and that he merely supervised the loading and off-loading of the marijuana. This contention is without merit.
 
 
 5
 Among the factors a court should consider in distinguishing the role of organizer/leader from that of a manager/supervisor are whether the defendant exercised decision making authority, recruited accomplices, planned and organized the offense, and exercised control over others. See § 3B1.1 app. note 4 (listing factors). The evidence in this case showed that Hernandez recruited and hired other participants to load and offload the marijuana, directed other individuals to obtain the boats and vans used in shipment, and decided the times and locations of the shipments. This evidence sufficiently showed that Hernandez was a leader or organizer of the importation scheme. The fact that he did not own the marijuana or claim an owner's share of the overall profits is irrelevant. The importation scheme itself, of which Hernandez was the leader and organizer, involved more than five people and was "otherwise extensive." See § 3B1.1(a). The four-level leadership enhancement was therefore appropriate.
 
 
 6
 With respect to the methamphetamine count, Hernandez argues that there was no basis for applying the four-level leadership enhancement, because the government and the district court both acknowledged that he played only a minor role in the methamphetamine offense. The district court applied the four-level enhancement, however, to the grouped base offense level for both offenses. See U.S.S.G. Ch. 3, Pt. D, § 301.2(d). Hernandez did not argue in either the district court or this court that grouping the offenses was erroneous.
 
 
 7
 Moreover, the same result is required by the introductory comment to guideline § 3B1.1, which provides that the conduct to be considered in applying the enhancement is not only the conduct charged and proved under the count of conviction, but all "relevant conduct" as defined in § 1B1.3. See § 3B1.1 intro.comm. The parties agreed in the plea agreements that the methamphetamine and marijuana offenses were sufficiently related to justify aggregating the total amount of drugs for the purpose of determining a common base offense level. See § 1B1.3(a)(2); United States v. Restrepo, 903 F.2d 648, 652-53 (9th Cir.1990), aff'd on reh'g, 946 F.2d 654, 655 (9th Cir.1991) (en banc). The four-level enhancement was therefore proper on the methamphetamine count because of Hernandez's leadership role in the related marijuana offense.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The judgment in CR-94-1094 states it is for conspiracy to possess methamphetamine with intent to distribute, but the parties agree, and the indictment reflects, that the offense charged was a scheme to import marijuana, and that the substitution of "methamphetamine" for "marijuana" on the judgment was clerical error