119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abel Ruiz MONTOYA, Defendant-Appellant.
 No. 96-30113.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1997**
Decided July 22, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-95-139-1-TSZ; Thomas S. Zilly, District Judge, Presiding.
 Before: REAVLEY,*** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abel Ruiz Montoya appeals his sentence under the United States Sentencing Guidelines.[1] He pled guilty to conspiracy to distribute at least five kilograms of cocaine. See 21 U.S.C. §§ 844(a)(1), 846. When the district court sentenced him, it determined that he had an aggravating role in the conspiracy. See USSG § 3B1.1(c). It, therefore, increased his Guideline score by two levels. That also deprived him of the benefit of the safety valve provision. See 18 U.S.C. § 3553(f)(4). He appealed. We vacate his sentence and remand.
 
 
 3
 We, generally, review a district court's determination that a defendant was a leader, organizer, supervisor, or manager for clear error. See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993). However, we review a district court's construction of the Guidelines de novo. See United States Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). Here, the government had the burden of persuasion. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). It had to carry that burden by a preponderance of the evidence. Id.
 
 
 4
 At sentencing, the district court determined that Montoya had given one of his coconspirators money, received drugs from her, and told her where to go and whom she should see. Had that been all, the district court's decision would have been both unremarkable and correct. However, for sentencing purposes at least, the district court also accepted as true Montoya's explanation that he was simply a messenger who delivered information that others told him to convey; that those others--his uncles--coerced him into working for them; that he had to do what his uncles ordered; that they did not pay him, but gave him room and board only; that he simply conveyed their instructions and gave no orders himself; and that, in fact, the uncles had hired the coconspirator and controlled both him and her. In short, he was a mere pawn who was hardly in charge of himself, much less anyone else.
 
 
 5
 The government agreed with all of that and explained that Montoya was "merely a conduit for his uncles, that he was passing on instructions from his uncles," and did not exercise control over the other person.
 
 
 6
 Based upon that evidence, it cannot be gainsaid that Montoya was a mere underling, who could not be said to qualify for an aggravating role adjustment. As the government correctly put it, "merely passing on instructions or orders from a manager, leader or organizer, supervisor does not make one a supervisor." But the district court stated that, even accepting everything Montoya said was true, he did qualify for the adjustment. Thus, the court either made a clearly erroneous finding of fact or, more likely, misinterpreted the scope and reach of the Guideline itself. It enhanced the sentence of a person who was neither a mastermind, nor a boss, nor a person in control, nor a recruiter. Cf., e.g., United States v. Wills, 88 F.3d 704, 721 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 499, 136 L.Ed.2d 340 (1996); United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995); United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990); United States v. Sanchez, 908 F.2d 1443, 1448 (9th Cir.1990). In so doing, the district court erred.
 
 
 7
 Thus, we must vacate Montoya's sentence and remand so that the district court can sentence him without the aggravating role adjustment.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation. Guidelines
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 All references are to the November 1, 1995 version of the Guidelines