**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hugo B. GUZMAN, Defendant–Appellant.**

No. 97–30150.

D.C. No. CR–95–00260–FLS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001 *.

Decided Feb. 26, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant Hugo Guzman pled guilty to one count of conspiracy with intent to distribute marijuana. 21 U.S.C. §§ 841(a)(1), 846. He appeals the district court's finding that he had an aggravated role in the conspiracy, and its concomitant two-point enhancement of his base offense level.

■ This court reviews for clear error the district court's factual findings in the sentencing phase. *United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999); *United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir.1990).

■ United States Sentencing Guidelines § 3B1.1(c) requires the district court

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to increase a defendant's base offense level if he "was an organizer, leader, manager, or supervisor" in a criminal activity involving fewer than five participants or that was not otherwise extensive. "When a defendant supervises other participants, she or he need exercise authority over only one of the other participants to merit the adjustment.... A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement." *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000) (internal citations omitted).

■ Appellant Guzman was involved in a conspiracy that transported marijuana into the Eastern District of Washington. The traffickers there hired drivers to drive trucks containing marijuana from El Paso, Texas and Tucson, Arizona to eastern Washington. While not a supervisor of the entire scheme, Appellant appears to have had the requisite authority over at least one other member of the conspiracy to warrant a two-point increase under § 3B1.1(c). He "exercised ... control or organizational authority over his co-conspirators," *United States v. Lopez–Sandoval*, 146 F.3d 712, 717 (9th Cir.1998), by recruiting a new driver, arranging flights to El Paso for that driver and a friend, giving them the plane tickets and money for expenses, staying in contact with them in order to tell them where to take the drug-laden vehicles once in Washington, and paying them for their services.

■ Appellant argues that the district court erred because the driver he recruited was an informant and therefore not a "participant," because he could not be criminally prosecuted for the case since he was working for the government. This argument fails because the informant was successfully prosecuted in the Texas state courts for his activities in the conspiracy, and was sentenced to probation.

Appellant also argues that the district court should have applied the "safety valve" provision in U.S.S.G. § 5C1.2. This argument is unavailing because, by its very terms, the safety valve does not apply to a person who is "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(4). Because the district court did not err in its conclusion that Appellant Guzman was an organizer or leader, the safety valve cannot apply to him.

AFFIRMED.