**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Chantone NGUYEN, aka, Don Nguyen,
Defendant—Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Chantone Nguyen, aka, Don Nguyen.**

No. 00–10506, 00–10509.
D.C. No. CR–98–00039–FCD.
D.C. No. CR–98–00038–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Dec. 11, 2001.

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

MEMORANDUM **

Don Nguyen appeals the sentence imposed upon him by the district court as a result of his conviction of two counts of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371, and four counts of Procuring False Documents in Connection with Naturalization in violation

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of 18 U.S.C. § 1425(a). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The district court did not err by imposing a six-level increase pursuant to U.S.S.G. § 2L2.1(b)(2)(C), which permits an upward adjustment for document trafficking offenses if the offense involved six or more documents. A review of the record indicates that there was sufficient evidence to support this enhancement because the prosecution proved by a preponderance of the evidence that Nguyen was involved with at least 100 documents. *See United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000) (internal citations omitted).

## II

The district court properly refused to grant a three-level decrease under U.S.S.G. § 2L2.1(b)(1), which applies if the defendant committed the offense "other than for profit." U.S.S.G. § 2L2.1(b)(1). Both witness testimony at trial and the pre-sentence report provided ample basis for the district court to conclude that Nguyen engaged in the scheme for profit. *See United States v. Buenrostro–Torres,* 24 F.3d 1173, 1175 (9th Cir.1994).

## III

The district court did not err by imposing a four-level increase for Nguyen's role as a leader and organizer pursuant to U.S.S.G. § 3B1.1, which allows an increase if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). A review of the record indicates that there is sufficient evidence to support a finding that Nguyen organized, led and managed at least some of the testing operations, that the operation involved at least five participants and that Nguyen exercised authority over at least one of those participants. *See United States v. Mares–Molina,* 913 F.2d 770, 773–74 (9th Cir.1990).

## IV

Nguyen was sentenced within the statutory maximum, so there was no violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in this case. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir. 2000) (rejecting proposition that *Apprendi* applies to a sentencing enhancement which increases the sentence, but not beyond the statutory maximum).

**AFFIRMED.**