**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy Thi TRAN, Defendant—
Appellant.**

No. 01–30190.

D.C. No. CR–00–00274–L.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2002.*

Decided May 13, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Timothy Thi Tran pled guilty to one count of conspiracy to distribute marijuana. At sentencing, the district court increased Tran's offense level by 2 levels, based on Tran's alleged role as an organizer, leader, manager or supervisor in the drug conspiracy. Tran appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291. We vacate Tran's sentence and remand for resentencing.

The district court's finding that Tran was an organizer or supervisor is reviewed for clear error. *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000). Under § 3B1.1(c) of the sentencing guidelines, the district court may apply a 2–level enhancement if it finds that the defendant acted as an "organizer, leader, manager or supervisor" of a criminal activity. U.S.S.G. § 3B1.1(c) (2000). In order for § 3B1.1 to apply, however, there must be some evidence that the defendant exercised "some degree of control or organizational authority over others." *United States v. Mares–Molina*, 913 F.2d 770, 773 (9th Cir.1990). The fact that the defendant was more culpable than other participants or played an important role in the criminal activity is insufficient to justify the enhancement in the absence of evidence that the defendant supervised or organized other persons. *See United*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States v. Harper*, 33 F.3d 1143, 1150–51 (9th Cir.1994); *United States v. Hoac*, 990 F.2d 1099, 1110–1111 (9th Cir.1993).

In the present case, the record is devoid of any evidence that Tran organized or exercised authority over other participants. One participant, Marjory Horman, was apprehended with Tran's business card, but later indicated that someone else had recruited her. Another participant, Einar Lisborg, said that he worked for the "Tran brothers" but indicated that Tran's brothers, not Tran, were his supervisors. The government did not argue in the district court that Tran organized or supervised anyone; it argued that Tran was a "second-level" manager who distributed drugs on behalf of his brothers, who supervised the entire operation from Canada. Although it is clear that Tran played a significant role in the distribution operation, that alone is insufficient to justify the enhancement. Because there is no evidence that Tran organized or exercised authority over other participants, the district court clearly erred in adjusting Tran's sentence upward under § 3B1.1(c).

## VACATED AND REMANDED.