UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert Phillip MOORE, Jr.,
Defendant—Appellant.

No. 01–30295.

D.C. No. CR–00–00419–HA.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 13, 2002 *.
Decided May 28, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Robert Phillip Moore, Jr. appeals his 30–month sentence, imposed following his guilty plea to mail fraud, bank fraud, conspiracy to file false claims for tax refunds, and aiding and abetting the filing of false tax returns in violation of 18 U.S.C. §§ 2, 286, 287, 1341, and 1344. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

Moore challenges the district court's imposition of a 3–level upward adjustment for playing a leadership role in the offense.[1] To justify this adjustment, the government must show that the defendant had an aggravating role in the offense by a preponderance of the evidence. *United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir.1990). "[T]o sustain a finding that a defendant in fact played one of the four specified roles [in U.S.S.G. § 3B1.1], there must be evidence that the defendant 'exercised some control over others involved in commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime.'" *United States v. Harper,* 33 F.3d 1143, 1151 (9th Cir. 1994) (citation omitted). We review for clear error, *Mares–Molina,* 913 F.2d at 773, and find none.[2]

We conclude that the district court did not clearly err by imposing an upward enhancement for Moore's role in the offense because it reasonably could have found that Moore "organize[d] others in the commission of the criminal activity even though he [did] not retain a supervisory role over the other participants. The enhancement reflects the greater level of culpability of the participant who arranges the transaction." *United States v. Varela,* 993 F.2d 686, 691–92 (9th Cir.1993).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because Moore's reply brief withdraws his other claim regarding the amount of loss at issue we do not address it.

2. We also reject Moore's argument that the district court made insufficient findings in support of the adjustment since a lower court need not make specific findings of fact in this regard. *United States v. Ponce,* 51 F.3d 820, 826 (9th Cir.1995).