**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christian Eduardo GAYBOR,**
**Defendant—Appellant.**

No. 03–10061.
D.C. No. CR–01–1136 SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided July 21, 2004.

**562**

Frederick A. Battista, AUSA, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Esq., Park & Wilson, PLC, Phoenix, AZ, for Defendant–Appellant.

Christian Eduardo Gaybor, Fort Worth, TX, Defendant–Appellant Pro Se.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Christian Gaybor appeals his conviction and sentence for interference with commerce by threats and violence, and brandishing a firearm in connection with a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Gaybor's conviction, but vacate his sentence and remand for resentencing.[1]

### I. Conviction

Gaybor raises several challenges to the district court's exclusion of proffered testimony from a "human factors" expert.

We review the exclusion of expert testimony under Fed.R.Evid. 702 for an abuse of discretion. *United States v. Morales,* 108 F.3d 1031, 1035 (9th Cir.1997). The proffered testimony regarding the effect of Gaybor's inattentiveness and the armored car's convex mirrors, did not con-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

cern subjects requiring "expert illumination." *United States v. Seschillie,* 310 F.3d 1208, 1212 (9th Cir.2002); *see United States v. Finley,* 301 F.3d 1000, 1007 (9th Cir.2002) (explaining that expert testimony "must be beyond the common knowledge of the average layman"). While some courts have admitted expert testimony on identification and human factors, those cases do not compel a finding that the district court abused its discretion by concluding that the proffered testimony in this case was not the proper subject of expert testimony. We thus conclude that the district court did not abuse its discretion by excluding the proffered testimony under Rule 702.[2]

■ Additionally, while the excluded expert testimony would have supported Gaybor's defense, Gaybor was not deprived the opportunity to present his theory to the jury so there was no due process violation. *See Greene v. Lambert,* 288 F.3d 1081, 1092 (9th Cir.2002) (explaining that a defendant's due process rights are not offended when a trial court prohibits "third-party evidence of *the truthfulness of* the *substantive content* of the defendant's testimony") (emphasis in the original); *see also United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) ("A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions."); *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

Accordingly, we affirm Gaybor's conviction.

## II. Sentence Enhancement

Gaybor also challenges the imposition of a four-level sentence enhancement based

on the district court's determination that he was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). We review the determination that Gaybor was an "organizer or leader" for purposes of a four-level enhancement under U.S.S.G. § 3B1.1 for clear error. *United States v. Tank,* 200 F.3d 627, 633 (9th Cir.2000).

■ The district court's imposition of a four-level enhancement here was clearly erroneous because the court mistakenly applied a "but for" test in determining whether Gaybor was an "organizer or leader." *United States v. Harper,* 33 F.3d 1143, 1151 (9th Cir.1994) (explaining that the "but for" test is not the test "for determining whether the aggravating role adjustment can be applied").

The proper test is whether "the defendant 'exercised some control over others involved in the commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime.'" *Id.* (quoting *United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir. 1990)). The government's reliance on *United States v. Smith,* 203 F.3d 884 (5th Cir.2000), for the proposition that the "but for" test is appropriate in this case is unpersuasive; we have consistently rejected application of the "but for" test to determine if a defendant was an "organizer or leader." *See United States v. Lopez–Sandoval,* 146 F.3d 712, 716–17 (9th Cir. 1998) (relying on *Harper,* 33 F.3d at 1151).

■ Moreover, it is insufficient that Gaybor may have been more culpable than some of his accomplices. *See Harper,* 33 F.3d at 1150. To receive an aggravated role enhancement Gaybor must have exer-

---

**2.** Because we conclude that the "human factors" testimony was properly excluded under Fed.R.Evid. 702, we do not address whether

the testimony was also excludable as a discovery sanction under Fed.R.Crim.P. 16.

cised some control over one or more of his accomplices. *Id.*

 Notwithstanding the district court's use of an improper test, the government also argues that the evidence supports that Gaybor controlled or organized others. Application note 4 to U.S.S.G. § 3B1.1, provides a seven-factor test to determine whether a defendant was an organizer or leader. *See Lopez–Sandoval,* 146 F.3d at 717. Although the district court made findings that could support some of these factors, the court did not find, and the government does not point to any evidence, that Gaybor organized or exercised control over his fellow robbers.

The government contends that supervision and control can be inferred because the robbery "was conducted in such a way to protect [Gaybor] from view." We disagree. The case against Gaybor was that he was the "inside man" who played an important role in the planning stages of the robbery by furnishing his accomplices with critical information. Each accomplice had an interest in hiding Gaybor's role in the robbery. If his role had not been concealed, he would have been the obvious suspect who could have led the authorities to each accomplice. Thus, although the evidence shows that the robbery was conducted in a manner to hide that it was an inside job, the record does not support that Gaybor directed or controlled his accomplices to cover-up his role in the offense.

Accordingly, we vacate Gaybor's sentence and remand for resentencing without the imposition of the aggravating role adjustment.[3]

III. Conclusion

On the basis of the foregoing, we affirm Gaybor's conviction, but vacate his sentence and remand for resentencing without imposition of the "organizer or leader" enhancement under U.S.S.G. § 3B1.1.

AFFIRMED in part, VACATED in part, and REMANDED.

---

3. Because, given our disposition, there is no possibility that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), could have any effect on this appeal, even assuming that it is held to apply to the U.S. Sentencing Guidelines, Gaybor's motion for leave to file supplemental briefing is denied.

