NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>DORIAN ETSUO LASSEN,<br><br>    Defendant-Appellant. | No.   19-10086<br><br>D.C. No.<br>1:18-cr-00030-JMS-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>DAVIN TANAKA,<br><br>    Defendant-Appellant. | No.   19-10107<br><br>D.C. No.<br>1:18-cr-00030-JMS-2 |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted July 9, 2020**
Honolulu, Hawaii

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Dorian Lassen and Davin Tanaka appeal from their sentences for conspiracy to distribute methamphetamine. We have jurisdiction under 18 U.S.C. § 3742. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Lassen argues that the district court abused its discretion when it found that Lassen was a "manager" or "supervisor" of the conspiracy, increasing his offense level by two under U.S.S.G. § 3B1.1(c). A defendant is a manager or supervisor only if the defendant "exercised some control over others involved in the commission of the offense" or was "responsible for organizing others for the purpose of carrying out the crime." *United States v. Mares-Molina*, 913 F.2d 770, 773 (9th Cir. 1990) (citation omitted).

The record demonstrates that Lassen exercised control over coconspirator Joshua Shimoda. Lassen had final decision-making authority over if and when Shimoda could sell or retrieve the drugs that Shimoda hid as part of the conspiracy. *United States v. Varela*, 993 F.2d 686, 691 (9th Cir. 1993); *United States v. Beltran*, 165 F.3d 1266, 1271 (9th Cir. 1999). This level of control justified a role adjustment under § 3B1.1(c).

2. Tanaka argues that the district court erroneously held him responsible for the full quantity of drugs found in Shimoda's possession. In the case of jointly undertaken criminal activity, acts of coconspirators count as relevant conduct for

2                                                                      19-10086

sentencing if: (1) the acts were "within the scope of the jointly undertaken criminal activity," (2) the acts were "in furtherance of that criminal activity," and (3) the acts were "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

Tanaka argues that the court should have required clear and convincing evidence because of the "extremely disproportionate effect" the drug quantity had on his sentence. *United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015) (internal quotation marks and citations omitted). However, when the defendant pleads guilty to conspiracy, and drug quantities are based on the scope of that conspiracy, clear and convincing evidence is not necessary. *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010) *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020); *see also United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019) (explaining that the applicability of the clear and convincing standard to sentencing enhancements turns on "the totality of circumstances," including "whether the enhanced sentence negates . . . the prosecution's burden of proof for the crime alleged," and "whether the increase in sentence is based on the extent of a conspiracy" (citation omitted)).

Tanaka also argues that the district court clearly erred in its factual findings holding Tanaka responsible for the drugs. In fact, the record shows that Tanaka regularly delivered drugs from Lassen to Shimoda and that all drugs involved in

the conspiracy were held in a single storage locker.  The district court considered each of these factors at sentencing and made the necessary "particularized findings" about Tanaka's responsibility.  *United States v. Lloyd*, 807 F.3d 1128, 1142 (9th Cir. 2015).  The district court did not abuse its discretion by holding Tanaka responsible for all drugs involved in the conspiracy.

**AFFIRMED**.