72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony F. PROVENZANO, Defendant-Appellant.
 No. 94-10424.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Dec. 8, 1995.
 
 Before: FERGUSON and HAWKINS, Circuit Judges, and NIELSEN,* District Judge.
 MEMORANDUM**
 Anthony Provenzano, convicted of three drug-related offenses in district court, now appeals his sentence. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742(a). We affirm in part, vacate in part and remand for resentencing.
 I. FACTS
 In January 1994, Provenzano, a Chicago lawyer, was convicted in district court in Arizona on one count of conspiracy to possess with intent to distribute marijuana and two counts of possession with intent to distribute marijuana. The conviction was based on Provenzano's involvement in a conspiracy to transport marijuana from Arizona to Chicago for distribution in Chicago.
 On May 5, 1994, after Provenzano's conviction in Arizona but before sentencing, Provenzano pled guilty to one count of mail fraud, one count of conspiracy to possess with intent to distribute marijuana, and one drug forfeiture count in the Western District of Texas. The Texas prosecution arose out of Provenzano's involvement in smuggling marijuana from Texas to Chicago for distribution in Chicago.
 On August 1, 1994, the district court in Arizona held a sentencing hearing relating to Provenzano's January convictions. In sentencing Provenzano, the Arizona district court included the Texas marijuana conspiracy as "relevant conduct" under the Sentencing Guidelines. Accordingly, Provenzano's Sec. 1B1.3(a)(2) offense level was based not only upon the 410 pounds of marijuana charged in Arizona, but also the 5,400 pounds of marijuana the district court estimated was involved in the Texas conspiracy.[1] The Arizona district court also enhanced Provenzano's offense level by two points based on its finding that Provenzano played a managerial role in the conspiracy. Based in part on the "relevant conduct" and the role in the offense enhancements, Provenzano was sentenced in Arizona to 168 months on each count, the sentences to run concurrently. Provenzano now appeals his sentence.[2]
 II. DISCUSSION
 A. "Relevant Conduct" Determination
 Provenzano argues on appeal that the Arizona district court's determination that the activity underlying his Texas drug conspiracy conviction was "relevant conduct" for purposes of the court's base offense level calculation was clearly erroneous. We disagree. To determine the appropriateness of classifying conduct as "relevant conduct," the sentencing court is to consider the similarity between the charged conduct and the arguably relevant conduct, the regularity of the conduct, and whether the charged and arguably relevant conduct are temporally proximate. See United States v. Hahn, 960 F.2d 903, 910 (9th Cir.1992). In addition to sufficient temporal proximity, Provenzano's Arizona and Texas conduct was linked by a common purpose and nearly identical modus operandi. The Presentence Report, adopted by the district court for purposes of sentencing, concluded that
 the defendant's involvement in this entire offense was to obtain marijuana to be resold in the Chicago, Illinois area. He originally had a source in Arizona but when problems arose he developed a new source in Texas. As problems occurred with the Texas source Provenzano returned to Tucson to obtain the marijuana he distributed or organized to have distributed in Chicago.
 ....
 While Provenzano's offense behavior does not involve the same accomplices throughout its operation it certainly had the same victim (societal harm), common purpose (distribution of marijuana in Chicago), and similar modus operandi (marijuana was purchased elsewhere and brought to Chicago).
 The district court's relevant conduct determination is supported by a preponderance of the evidence, and then some. We affirm the district court's decision to include the Texas conspiracy as "relevant conduct" for sentencing purposes.
 B. Quantity of Marijuana Involved in Texas Conspiracy
 Provenzano also contends that the government failed to establish by a preponderance of the evidence that the Texas drug conspiracy involved 5,400 pounds of marijuana. See United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992) (noting preponderance of the evidence standard). We agree. In determining the quantity of drugs involved in relevant conduct, the district court may consider any relevant information that has "sufficient indicia of reliability to support its probable accuracy." United States v. Notrangelo, 909 F.2d 363, 364 (9th Cir.1990) (internal quotation marks and citation omitted). In this case, the only information presented to the district court to support the 5,400 pound determination was uncorroborated statements of anonymous informants cited in the Presentence Report. Standing alone, uncorroborated, conclusory statements of anonymous informants do not have sufficient indicia of reliability to support a drug quantity determination. See Navarro, 979 F.2d at 789 ("The court may adopt the factual findings of the Presentence report.... [i]t may not, however, adopt conclusory statements unsupported by facts."); see also United States v. Kerr, 876 F.2d 1440, 1446 (9th Cir.1989). Because the government provided the district court with only conclusory statements in support of its estimate of the quantity of drugs involved in the Texas drug conspiracy activity, we agree that the 5,400 pound determination is not supported by a preponderance of the evidence. Accordingly, we remand to the district court for further findings regarding the quantity of marijuana involved in Provenzano's Texas drug conspiracy activity.
 C. Role in the Offense Enhancement
 Provenzano argues that the district court's decision to enhance his base offense level based on his "managerial" role in the offense was not supported by a preponderance of the evidence. See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990) (noting preponderance of evidence standard). We agree. The factors a court should consider in making the role in the offense determination include "the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Id. Although not all of these factors need to be present, we have held "there must be evidence that the defendant 'exercised some control over others involved in commission of the offense [or was] responsible for organizing others for purposes of carrying out the crime.' " United States v. Harper, 33 F.3d 1143, 1151 (9th Cir.1994) (citing Mares-Molina, 913 F.2d at 773), cert. denied --- U.S. ----, ----, 115 S.Ct. 917 (1995). In this instance, the district court made no finding (either at the sentencing hearing or by adopting the Presentence Report) that Provenzano controlled or organized the other members of the conspiracy. Cf. Harper, 33 F.3d at 1151 (noting that the "[s]entencing judge made no finding that Harper controlled or organized the other members of the conspiracy"). Instead, the Presentence Report asserted that Provenzano was a "manager" of the criminal enterprise because he "provided the demand for the marijuana which was smuggled into the United States and then transported to Illinois." The Presentence Report went on to conclude that
 Provenzano did not direct the overall activities of this conspiracy and cannot be considered a "kingpin," but he is considered a manager for his role in providing a market for the illicit drug involved in this extensive organization.
 As we noted in Harper, however, a finding that "but for" the defendant's involvement the conspiracy may not have materialized is not enough to support a role in the offense determination. See id. (vacating sentence because district court improperly applied "but for" test and neglected to make specific findings or reference facts demonstrating that defendant exercised control over or organized others).[3] Because a finding that "but for" Provenzano the conspiracy would have been without a market does not provide adequate support for the district court's role in the offense determination, we vacate the district court's two-level role in the offense enhancement.
 D. Provenzano's Other Claims
 Provenzano's two remaining arguments both fail. First, Provenzano claims a double jeopardy violation because he had been sentenced in Arizona and prosecuted and sentenced in Texas based on the same Texas drug conspiracy conduct. After Provenzano filed his appeal, however, the Supreme Court handed down Witte v. United States, --- U.S. ----, ----, 115 S.Ct. 2199 (1995), which holds that double jeopardy does not bar sentencing a defendant based on relevant conduct which is the subject of a separate prosecution and sentence. Because Witte controls, Provenzano's double jeopardy claim must be denied.
 Provenzano also raised in an Amended Notice of Appeal a sufficiency of the evidence claim. Provenzano not only did not timely appeal this issue, see Fed.R.App.P. 3(c), but also agreed as part of his Texas plea bargain not to appeal the Arizona conviction on any non-sentencing grounds. Accordingly, we dismiss Provenzano's insufficiency claim for lack of jurisdiction.
 III. CONCLUSION
 The district court's decision to include the Texas drug conspiracy activity as "relevant conduct" for sentencing purposes was not clearly erroneous and therefore is affirmed. The district court's determination that the Texas conspiracy included 5,400 pounds of marijuana is not, however, supported by a preponderance of the evidence. Thus, we vacate Provenzano's sentence and remand for resentencing based on a new determination of the quantity of drugs involved in the Texas conspiracy. Finally, the district court's two-level enhancement for Provenzano's role in the offense is vacated. Before resentencing on remand, the district court should determine again what, if any, role-in-the-offense enhancement is appropriate.
 This matter is REMANDED for proceedings not inconsistent with this disposition.
 AFFIRMED in part; VACATED in part; and REMANDED.
 
 
 
 *
 Honorable Fremming Nielsen, Chief United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The inclusion of the estimated 5,400 pounds of Texas marijuana resulted in a six-level increase in Provenzano's base offense level
 
 
 [2]
 On September 16 and 21, 1994, Provenzano was sentenced in Texas to 40 months imprisonment on the mail fraud count and 120 months on the drug conspiracy count, the sentences to run concurrently with each other and with the sentence imposed in Arizona. In his Texas plea agreement, Provenzano agreed to waive his right to appeal all non-sentencing issues relating to the Arizona convictions
 
 
 [3]
 Aside from the Presentence Report, the only support for the district court's role in the offense determination that appears in the record came during the sentencing hearing. The district court explained that
 I think it is appropriate to increase the role in the offense level by two, which is not nearly as high as it could be, but I think it takes into consideration organizer, managerial, supervisorial roles assumed by the Defendant. I think it accurately reflects the level of involvement.
 The district court made no other findings to support the upward departure.