```
                 UNITED STATES COURT OF APPEALS
                     FOR THE FIFTH CIRCUIT

                    _____

                         No. 98-50169
                    _____


     UNITED STATES OF AMERICA,

                                         Plaintiff-Appellee,

                              versus

     ANTHONY F. PROVENZANO,

                                         Defendant-Appellant.


          _____

              Appeal from the United States District Court
                   for the Western District of Texas
                  (EP-97-CV-95-H & EP-93-CR-42-5-H)
          _____

                        October 29, 1999
```

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

In 1994, pursuant to a plea agreement filed in the El Paso Division of the Western District of Texas, Anthony F. Provenzano pleaded guilty to one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and to one criminal forfeiture count in the amount of $2,750,000. The district court sentenced Provenzano to 120 months on the conspiracy count. That same year, in federal district court in Tucson, Arizona, Provenzano was convicted by a jury on one count of conspiracy to possess with

_____

[*]   Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

intent to distribute marijuana and two counts of possession with intent to distribute marijuana. *United States v. Provenzano,* 72 F.3d 136 (9th Cir. 1995) (unpublished), *available at* 1995 WL 732657. He received a 168-month sentence on each count, the sentences to run concurrently. The Ninth Circuit vacated his sentence and remanded for resentencing. *Id.* According to Provenzano, on remand he received a sentence of 136 months. In any event, the district court in this case ordered Provenzano's 120-month sentence to run concurrently to his Tucson sentence.[2]

In the El Paso plea agreement, Provenzano, a lawyer himself, agreed to waive his right to appeal his sentence on "any ground," and he similarly agreed "not to contest his sentence . . . or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. section 2255." However, in that same agreement, Provenzano specifically reserved the right to appeal his sentence in the Tucson case.

Provenzano did not attempt to file a direct appeal. He filed the instant section 2255 motion alleging that counsel rendered ineffective assistance in connection with his guilty plea and during the sentencing proceedings. The district court denied relief and his motion for a certificate of appealability (COA).

Provenzano thereafter moved this Court for a COA, raising "as

---

[2] Also pursuant to the El Paso plea agreement, Provenzano plead guilty to one count of mail fraud that had been transferred from district court in Chicago pursuant to Fed. R. Crim. P. 20. The district court sentenced him to 40 months imprisonment to run concurrently to both the El Paso sentence and the Tucson, Arizona sentence.

the only issue on this appeal the matter of ineffective assistance of counsel at the sentencing." Provenzano argued that counsel was ineffective for relying solely on argument to counter the amounts of marijuana stated in the presentence report (PSR). He contends that counsel should have interviewed and presented the testimony of witnesses who could rebut the information in the PSR regarding certain alleged deliveries of marijuana. Finding that Provenzano had made a substantial showing that his allegations of ineffective assistance at sentencing were sufficient to warrant an evidentiary hearing, we granted a COA and directed that the following two issues be briefed:

1. May a defendant who has waived his right to challenge his sentence in a § 2255 proceeding defeat the waiver by alleging ineffective assistance of counsel at sentencing, when the defendant does not allege ineffective assistance of counsel relating to his guilty plea or his understanding of the waiver-of-appeal provision in his plea agreement?

2. Whether Provenzano's allegations of ineffective assistance of counsel at sentencing were sufficient to warrant an evidentiary hearing.

Provenzano filed a brief asserting that the Government had forfeited the waiver argument because it had not raised the issue in the district court. In its brief, the Government wholly failed to respond to Provenzano's forfeiture argument but nevertheless argued that the waiver provision should be enforced because Provenzano was challenging the correctness of his sentence, which was barred by the plain language of the waiver contained in the plea agreement. Alternatively, the Government conceded that if

3

this Court found the waiver unenforceable, a remand to the district court for additional factual findings concerning the claims of ineffective assistance of counsel would be appropriate.

At oral argument, the Government informed us that, since the filing of its brief, the United States Attorney's Office for the Western District of Texas no longer takes the position that a defendant may waive ineffective assistance of counsel claims in a plea agreement. Thus, the Government stated that it would not seek to enforce the waiver provision in the case at bar. Additionally, contrary to its earlier concession that if the waiver was unenforceable it would be appropriate to remand the case for further factual findings, the Government now urges us not to remand the case because the record demonstrates no prejudice. Specifically, the Government claims that even if counsel had presented the testimony at sentencing that Provenzano claims should have been offered, and the district court believed it, the remaining, unrebutted evidence demonstrated over 1,000 kilograms of marijuana, and therefore Provenzano would have received the same ten-year statutory minimum sentence under Title 21 U.S.C. § 841(b)(1)(A).

In light of the Government's concession that the waiver is not enforceable, the only issue remaining is whether the district court erred in failing to grant Provenzano an evidentiary hearing on his allegations of ineffective assistance. "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

4

miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992). Technical misapplication of the sentencing guidelines does not give rise to a constitutional issue. *Id.* Provenzano's argument is couched in terms of ineffective assistance of counsel at sentencing. Such a claim is constitutional and cannot generally be resolved on direct appeal.

To demonstrate ineffective assistance of counsel, Provenzano must establish that counsel's performance was deficient and that the deficient performance resulted in prejudice. *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). In regard to prejudice, Provenzano must show that "there is a probability that, but for counsel's deficiency, [his] sentence would have been significantly less harsh." *Id*.

We will assume *arguendo* that Provenzano has established that counsel's performance was deficient. We must now determine whether, but for counsel's failure to present certain witnesses at sentencing, Provenzano's sentence would have been significantly less harsh. To do so, we look at the calculation of Provenzano's sentence.

The district court adopted the factual findings and guideline application in the PSR, which provided that Provenzano was held accountable for the following amounts of marijuana:

> 4,600  pounds delivered by Oertel
> 1,000  pounds lost by Guzman in Colorado-
>        intended for Provenzano
>   360  pounds delivered to Provenzano pursuant
>        to Armando Melendez' instructions after
>        the 1,000 pound loss

The above amounts total 5,960 pounds (approximately 2,703

5

kilograms) of marijuana. Because the total amount of marijuana attributed to Provenzano exceeded 1,000 kilograms, the statutory minimum of ten years was applied.

In support of his claim that counsel's failure to present certain witnesses at sentencing prejudiced him, Provenzano relies on several affidavits. He alleges that the affidavits of Art Biddle, Joseph Orlandion, and Frank Flynn establish that the district court erred in attributing 1,360 pounds of marijuana to him. Subtracting the 1,360 pounds (approximately 616 kilograms) still leaves Provenzano over the 1,000 kilogram threshold.

He further alleges that the affidavit of his sister, Donna Stamatakos, establishes that he could not have received certain deliveries that government informant Oertel attributed to him. He asserts that "the weight of marijuana that could have been attributed to [him] would have been 1000 pounds and this weight would have taken [him] out of the mandatory ten year minimum." However, he fails to specifically state how the uncalled witnesses' testimony would have shown that only 1000 pounds (or more to the point, less than 1000 kilograms) of marijuana should have been attributed to him. Neither do the affidavits establish that the district court erred in attributing the remaining marijuana to him. The sister's affidavit states that she "would be willing to provide the dates to the Court with the understanding that the information would not be released to the Government until the informants (Government) respond to discovery requests." Provenzano has the burden of establishing that counsel rendered ineffective assistance. We find that the affidavits are insufficient to

6

establish the prejudice prong. *See West v. Johnson,* 92 F.3d 1385, 1410-11 (5th Cir. 1996) (concluding that affidavit filed by § 2254 petitioner did not establish either deficient performance or prejudice).

Finally, we note that this Court and the Sixth Circuit have indicated that when a petitioner challenges a sentence that is being served concurrently with an unchallenged sentence of equal length, he cannot show prejudice under *Strickland*[3] because "the dual sentencing is of no real consequence." *United States v. Tolliver,* 61 F.3d 1189, 1223 & n. 54 (5th Cir. 1995), *vacated on other grounds sub. nom.,* 117 S. Ct. 40 (1996); *Green v. United States,* 65 F.3d 546, 551 (6th Cir. 1995) (explaining that even if the shorter, concurrent sentence was a result of deficient performance under *Strickland*, there was no prejudice in that the error "would have had no effect on the length of time [the petitioner] must spend in prison"). Here, Provenzano challenges his 120-month El Paso sentence that is being served concurrently with his 136-month Tucson sentence. The original Tucson sentence has been appealed, and in the instant § 2255 motion Provenzano indicates that he is "unsure at this time" whether he will make any future challenges to his Tucson sentence. Provenzano has not demonstrated the prejudice prong under *Strickland.*

For the above reasons, a remand is unnecessary and the district court's judgment is AFFIRMED.

---

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).