81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Earl COOK, Defendant-Appellant.
 No. 94-50607.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1996.*
Decided March 29, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Earl Cook appeals his convictions and sentence for importing and selling Mexican Red-Kneed tarantulas in violation of 18 U.S.C. § 545 and 16 U.S.C. §§ 3372 & 3373.
 
 
 3
 We AFFIRM the convictions and VACATE the sentence and REMAND for resentencing.
 
 
 4
 Cook argues that the district court erred in admitting evidence of his 1986 civil settlement agreement with the United States Fish and Wildlife Service under Fed.R.Evid. 404(b).[1] Where, as here, the prior act is being used to establish knowledge, "the government must prove a ... 'logical thread' connecting the prior act with the knowledge at issue in the act charged." United States v. Mayans, 17 F.3d 1174, 1181-82 (9th Cir.1994). The settlement agreement contained Cook's admission that he was familiar with the provisions of the Lacey Act Amendments of 1981, 16 U.S.C. § 3371, et seq., which require export permits for the importation, transportation, and sale of Appendix II protected wildlife. Mexican Red-Kneed tarantulas were an Appendix II protected animal as of the date of the civil settlement agreement. Since Cook's defense was based in part on a lack of knowledge of the permit requirements, the 1986 civil settlement agreement is relevant on the issue of knowledge. Further, the district court gave a limiting instruction restricting consideration of the settlement agreement to the issues of knowledge and intent.
 
 
 5
 Cook contends that the district court's restriction of his cross-examination of Dr. Wolff denied him his Constitutional right of confrontation and due process right to present a defense. The district court did not abuse its discretion by restricting Dr. Wolff's testimony.
 
 
 6
 Cook argues that the district court erred by admitting a hearsay taped conversation between Joe Webb and Ruben Portillo. The district court held that Webb was acting as Cook's agent at the time of the taped conversation. Federal Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay if the statement is offered against a party and is a statement made by the party's agent concerning a matter within the scope of the agency, made during the existence of the relationship. The court limited the admission of the taped conversation to the portions tied to the agency relationship. It did not abuse its discretion by admitting a portion of the taped conversation under Rule 801(d)(2)(D).
 
 
 7
 Cook claims that the district court erred by refusing to instruct the jury on his lesser included misdemeanor Lacey Act charge. The felony offense under the Lacey Act requires actual knowledge that importing the tarantulas was illegal, 16 U.S.C. § 3373(d)(1), while the lesser included misdemeanor offense requires only that Cook should have known, 16 U.S.C. § 3373(d)(2). The jury was properly instructed on the lesser included offense.
 
 
 8
 Cook argues that the district court erred by failing to instruct the jury on three issues: (1) how to consider Cook's out-of-court statements, (2) how to consider accomplice testimony, and (3) how to consider informant's testimony. Since Cook failed to object to any of these instructions at trial, we review for plain error. United States v. Ponce, 51 F.3d 820, 830 (9th Cir.1995). Cook contends that in each case, the jury should have been instructed to receive the testimony with caution and consider it with care. It was not plain error for the district court to omit these cautionary instructions.
 
 
 9
 The district court did not err. There is therefore no cumulative effect that requires reversal.
 
 
 10
 The district court erred in its sentencing procedure. The statutory maximum for each count is 60 months. On remand, the district court (if it deems it appropriate) can achieve its total punishment by imposing consecutive sentences to the extent necessary. See 16 U.S.C. § 3373(d) ("Each violation shall be a separate offense."); U.S.S.G. § 5G1.2(d) Commentary ("If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.")
 
 
 11
 The district court's finding that Cook was an organizer or leader of criminal activity involving five or more persons under U.S.S.G. § 3B1.1(a) was clearly erroneous. The four-point departure was improper. "[S]ome degree of control or organizational authority over others is required in order for section 3B1.1 to apply." United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). The government must prove this by a preponderance of the evidence. United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993). Cook "must have exercised some control over the others involved[.]" Mares-Molina, 913 F.2d at 773. Here, there was no evidence that Cook exercised the requisite control or organizational authority over the Mexicans who sold him the tarantulas.
 
 
 12
 The district court's two-level departure based on U.S.S.G. § 2Q2.1, Application Note 5, was proper.[2] The court properly exercised its discretion to value each tarantula at $214 even though Cook received only $37.50 for each. Although the court departed upward to reflect the market value of the spiders, the record contains expert testimony on: 1) the potentially damaging effect the removal of the tarantulas may have on the ability of the spiders to re-propagate themselves, and 2) the medical usefulness of their venom. It was not clear error for the district court to find that the seriousness of the offense was not adequately measured by the market value.
 
 
 13
 Cook's convictions are AFFIRMED. His sentence is VACATED and REMANDED for resentencing based on an offense level of 19.
 
 
 14
 WALLACE, Circuit Judge, concurring in part and dissenting in part:
 
 
 15
 I dissent solely from the reversal of the four-level departure for Cook's organizational authority over five or more people. The record supports the district court's departure and its factual findings were not clearly erroneous. Phocas testified that Cook obtained the tarantulas from "other Indians who were surprised at the fact that somebody would want [them]." Absent any testimony to the contrary, the district court did not clearly err by inferring from Phocas's statement that Cook requested the Indians to collect the tarantulas for him. In addition, Cozens testified that Cook met with an "old man" in Mexico and "talked with him and made arrangements, and then [the old man] went out and got" the tarantulas. There is also ample evidence in the record to support Cook's control over Cozens, Webb, Breen, and Mark. The departure was therefore proper.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ..."
 
 
 [2]
 Section 2Q2.1 Application Note 5 provides: "If the offense involved the destruction of a substantial quantity of fish, wildlife, or plants, and the seriousness of the offense is not adequately measured by the market value, an upward departure may be warranted."