**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen E. COOK, Defendant–**
**Appellant.**

**No. 00–50110.**

**D.C. No. CR 94–00281–MLR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM **

Stephen E. Cook appeals pro se the district court's denial of his Rule 33 motion for a new trial. Following a jury trial, Cook was convicted on five counts of smuggling, importing and selling endangered red-kneed Mexican tarantulas, in violation of 18 U.S.C. § 545 and 16 U.S.C. §§ 3372, 3373. We affirmed Cook's convictions, but remanded for resentencing in *United States v. Cook*, No. 94–50607 1996 WL 144224 *1–2 (9th Cir. Mar. 29, 1996) (unpublished disposition). We subsequently affirmed Cook's resentencing in *United States v. Cook*, No. 97–50205, 1998 WL

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, defendant's request for oral argument and appointment of counsel for oral argument are denied.

879753 *1–2 (9th Cir. Dec. 16, 1998) (unpublished disposition). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Rule 33 mandates that "a motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty." Fed.R.Crim.P. 33 (1998). However, the district court denied Cook's Rule 33 motion for a new trial based on newly discovered evidence because there was no newly discovered evidence. Cook filed his Rule 33 motion on February 3, 2000, almost six years after the jury verdict was entered on June 28, 1994. Because his motion was untimely, the district court lacked jurisdiction to consider the motion. *See United States v. Cook*, 705 F.2d 350, 351 (9th Cir.1983) (pre–1998 amendment case stating that Rule 33's time limitations are jurisdictional).

Accordingly, the district court's order is vacated, and the case remanded with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED.**[1]

1. All other outstanding motions are denied as moot.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.