91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chong Hwan KIM, Defendant-Appellant.
 No. 94-50634.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1996.
Decided July 5, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chong Hwan Kim appeals his sentence under the Sentencing Guidelines following a guilty plea to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Kim contends that the government improperly recommended a three- rather than a five-level downward departure from his base offense level for his substantial assistance to the government. Kim further contends that the district court erred by applying a three-level enhancement based on its conclusion that Kim was a manager or supervisor in the conspiracy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 3
 * First, Kim contends that the government breached its plea agreement by requesting a three- rather than a five-level cooperation downward departure. The government argues that Kim waived this ground for appeal by failing to raise this argument at sentencing. The government is correct that Kim failed to raise this argument at sentencing. Generally, a claim of violation of a plea agreement may not be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 559 (9th Cir.1991). We have recognized an exception to this rule, however, when "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." Id. at 558. This exception applies here.
 
 
 4
 In regards to the cooperation downward departure, the plea agreement states:
 
 
 5
 In connection with that cooperation, the government will move the sentencing court to impose a sentence below the level otherwise required by the Sentencing Guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines. However, it is within the sole reasonable discretion of the government to determine what recommendation to make to the court as to the amount of the downward departure.
 
 
 6
 (emphasis added). The plea agreement further states that "[e]xcept as expressly set forth herein, there are no additional promises, understandings or agreements" between the parties.
 
 
 7
 The plea agreement gives the government the discretion to decide what downward departure to recommend; it does not say that the government must recommend a five- rather than a three-level departure. Kim's argument that the government breached its plea agreement by not recommending a five-level departure is baseless.
 
 II
 
 8
 Second, Kim contends that we should vacate his sentence because the government changed its recommended section 5K1.1 downward departure from five levels to three levels after the 1994 amendments to the Sentencing Guidelines went into effect. Kim argues that the reduction circumvented the policy of the amendments to Sentencing Guideline section 2D1.1. The amendments to section 2D1.1 reduced Kim's base offense level.
 
 
 9
 We must first determine the appropriate standard of review. We have held that we will conduct a limited review of a government decision not to seek a section 5K1.1 downward departure to determine whether the decision was arbitrary or based on unconstitutional motivation. United States v. Burrows, 36 F.3d 875, 884 (9th Cir.1994) (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). The Supreme Court, in Wade, explained that just like other prosecutorial discretionary decisions, the decision not to seek a section 5K1.1 departure "is subject to constitutional limitations that district courts can enforce." 504 U.S. 185. It is appropriate that the determination of the extent of a recommended section 5K1.1 departure be likewise reviewed in this limited fashion.
 
 
 10
 There is no support in the record for a determination that the government's downward departure change of recommendation was either arbitrary or based on an unconstitutional ground. Before the 1994 amendments, the government recommended a five-level departure because the resulting sentence took "into account the goal of balancing the relative culpability, cooperation and sentences among co-defendants." After the amendments, the government reduced the recommended number of departure levels because the starting base offense level was lower, and the government wanted to have a final range which would continue to accomplish the goal of providing Kim with a sentence appropriate in relation to his co-defendants while also fairly rewarding him for his cooperation. This was neither an arbitrary nor an unconstitutionally motivated decision. It was also well within the discretion provided to the government by Congress to determine the extent of a recommended section 5K1.1 departure.
 
 III
 
 11
 Finally, Kim argues that the district court erred by increasing his offense level pursuant to Sentencing Guideline section 3B1.1(b), which provides for a three-level increase upon a finding that the defendant was "a manager or supervisor (but not an organizer or leader)" in a criminal activity involving five or more participants. To be deemed a manager or supervisor, a defendant need not control all members of the criminal activity; he need only manage or supervise "at least one other ... person who was criminally responsible for the commission of the offense." United States v. Helmy, 951 F.2d 988, 997 (9th Cir.1991), cert. denied, 504 U.S. 945 (1992). An individual acts as a manager or supervisor if he exercises "some degree of control or organizational authority over others." United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991) (quoting United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990)). We review for clear error the district court's finding that Kim was a manager or supervisor. United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992).
 
 
 12
 The record supports the district court's conclusion that Kim managed or supervised other people involved in the methamphetamine distribution conspiracy. Kim was involved from the beginning in the planning of the distribution network, and he recruited and directed the salesmen involved in distributing the drug. He also personally supplied and directed a co-conspirator to supply the necessary drugs to his salesmen. The district court properly found Kim to be a manager or supervisor.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3