**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10187 |
| Plaintiff - Appellee, | D.C. No. CR 2:05-503 MCE |
| v. | |
| THOMAS M. KLASSY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted December 10, 2010
San Francisco, California

Before: HUG, D.W. NELSON, MCKEOWN, Circuit Judges.

Thomas M. Klassy appeals the sentence imposed pursuant to his conviction

for making a false declaration under penalty of perjury in relation to a bankruptcy

case (18 U.S.C. § 152(3)), fraudulent concealment of property in connection with a

bankruptcy case (18 U.S.C. § 152(1)), money laundering to conceal the proceeds of

_____

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

specified unlawful activity (18 U.S.C. § 1956(a)(1)(B)(i)), and engaging in monetary transactions over $10,000 in property derived from specified unlawful activities (18 U.S.C. § 1957(a)). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate the district court's base offense level determination, affirm on all other counts, and remand to the district court for re-sentencing on a base offense level of six.

We review "'the district court's interpretation of the Sentencing Guidelines de novo, [its] application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and [its] factual findings for clear error.'" *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (quoting *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006)). "'To be clearly erroneous,' we have often repeated, 'a decision must strike us [as] more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Bussell*, 504 F.3d 956, 962 (9th Cir. 2007) (quoting *Hayes v. Woodford*, 301 F.3d 1054, 1067 n.8 (9th Cir. 2002)). The government has the burden of proving the factual basis for a sentence enhancement by a preponderance of the evidence. *United States v. Burnett*, 16 F.3d 358, 361 (9th Cir. 1994).

Klassy argues first that the district court incorrectly used a base offense level

2

of seven in calculating his sentence. He contends that his base offense level should have been six, because he was only convicted of an offense cross-referenced, rather than referenced, to Section 2B1.1 of the Guidelines. *See* U.S.S.G. § 2B1.1(a)(1) (authorizing a base level of only six unless "(A) the defendant was convicted of an offense *referenced* to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more") (emphasis added). Because this argument was raised for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b). In this case, the government concedes plain error. Therefore, we remand to the district court for re-sentencing with a base offense level of six.

Second, Klassy contends that the district court erred in imposing a fourteen-level increase under the Guidelines for losses exceeding $400,000. U.S.S.G. § 2B1.1(b)(1)(H). Under the Guidelines, "loss is the greater of actual loss or intended loss." *Id.* § 2B1.1, cmt. n. 3(A). Klassy argues that both of the court's alternative methods for calculating loss—the amount Klassy sought to discharge in bankruptcy ($539,000) and the value of assets Klassy concealed ($414,000)—were erroneous.

The record as it stands does not demonstrate that the district court clearly erred in finding that Klassy concealed over $400,000 in assets, even using the

3

lower loss calculation of $414,000. The key dispute on this question is the fire insurance payout Klassy received from an arson at his business. Klassy contends that the $49,000 he declared was a sub-part of the total of $130,000 he received, which would make his total assets concealed only $365,000. On the other hand, the government points to the bankruptcy trustee's statement that the $130,000 concealed was *in addition to* what Klassy had already declared, rendering his total assets concealed $414,000.

It was not clear error for the district court to accept the bankruptcy trustee's version of events, as there is no competing evidence in the record. *Bussell* rejects a categorical limitation on calculating intended or actual loss, and gives the court considerable freedom to calculate loss depending on the circumstances. *See* 504 F.3d at 962-63. In addition, the calculation itself does not have to be exact. Rather, the court is only required to determine a "reasonable estimate of the loss, given the available information." *Id*. at 960 (internal quotations omitted); *see* U.S.S.G. § 2B1.1, cmt. n.3(C).

The district court did not err in adding a two-level sentencing enhancement for an offense involving ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(i). The bankruptcy trustee may properly be considered a victim because he collects fees based on the size of the estate. *See United States v. Nazifpour*, 944 F.2d 472, 474

(9th Cir. 1991); *see also United States v. Shadduck*, 112 F.3d 523, 531 (1st Cir. 1997) ("[N]ot only creditors but the chapter 7 trustee as well may be victimized directly by a bankruptcy fraud to the extent it deprives the estate of assets otherwise subject to administration."). Therefore, the district court's conclusion that the bankruptcy trustee sustained actual losses was not clear error.

The district court likewise did not err in including the unsecured creditors as victims. "[I]n order to be counted as a victim, a person must have sustained a loss that is 'monetary or that otherwise is readily measurable in money' *and* that loss must be included in the loss calculation." *United States v. Armstead*, 552 F.3d 769, 780-81 (9th Cir. 2008) (footnote omitted) (quoting U.S.S.G. § 2B1.1, cmt. n. 3(A)(iii)); *accord United States v. Pham*, 545 F.3d 712, 716-17 (9th Cir. 2008). Here, the government effectively cross-examined the defendant's bankruptcy expert on the number of victims whose losses could be attributable to his crimes, and argued that each of the unsecured creditors would have received something if not for Klassy's fraud. The bankruptcy trustee also submitted a declaration averring that each of the creditors would have received something but for Klassy's actions. The district court agreed with the government's characterization of the evidence. Given the difficulty inherent in calculating both the amount of loss and the number of victims in this case, we cannot say that the district court clearly

5

erred in concluding, based on the record, that each of the unsecured creditors suffered actual losses as a result of Klassy's fraud.

Finally, the district court did not err in applying a two-level sentencing enhancement for Klassy's managerial role in the crimes he committed. U.S.S.G. § 3B1.1(c). An aggravating role adjustment under the Guidelines requires "evidence that the defendant 'exercised some control over others involved in commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime.'" *United States v. Harper*, 33 F.3d 1143, 1151 (9th Cir. 1994) (quoting *United States v. Mares-Molina*, 913 F.2d 770, 773 (9th Cir. 1990)). In order for the enhancement to apply, the defendant's supervisee(s) must be "criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, cmt. n.1.

In this case, Klassy indisputably supervised numerous people in the commission of his crimes; the question is simply whether any one of them was "criminally responsible." The Guidelines specify that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) . . . and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, introductory cmt. Thus, any "relevant conduct" can form the basis for an aggravating role

6

adjustment. *See United States v. Savage*, 67 F.3d 1435, 1443-44 (9th Cir. 1995), *partially abrogated on other grounds as stated in United States v. Van Alstyne*, 584 F.3d 803, 813 (9th Cir. 2009); *United States v. Lillard*, 929 F.2d 500, 503 (9th Cir. 1991).

Here, while Klassy was the only one convicted of bankruptcy fraud and money laundering, the district court found that Klassy "use[d] others to help facilitate the fraud that was committed and the . . . money laundering." There was ample evidence in the record to support such a conclusion, including Ms. Fremming's admissions that she helped Klassy conceal assets. Based on the evidence presented, the district court was not clearly erroneous in concluding that Ms. Fremming was a participant under the Guidelines, meriting a two-level sentencing enhancement for Klassy's control over her. *See Lillard*, 929 F.2d at 503.

We vacate the district court's determination of the base offense level, affirm on all other issues, and remand to the district court for re-sentencing with a base offense level of six.

**VACATED IN PART, AFFIRMED IN PART, AND REMANDED**.