**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10372 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00503-MCE-1 |
| v. | |
| THOMAS M. KLASSY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before:  B. FLETCHER,** D.W. NELSON, and MURGUIA, Circuit Judges.


Thomas Klassy devised a criminal scheme to bilk his creditors by declaring

bankruptcy while simultaneously hiding assets that could be used to satisfy his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth
Circuit Court of Appeals, fully participated in the case and concurred in the
judgment prior to her death.

debts. His scheme discovered, Klassy was tried and convicted of money laundering and various types of fraud. Klassy appeals his sentence, but not his conviction, for the second time. A panel of this Court previously vacated Klassy's sentence and remanded for resentencing after concluding that the district court calculated Klassy's total offense level, 33, starting with a base offense level one too high (seven, rather than six). *See United States v. Klassy* ("*Klassy I*"), 409 F. App'x 169, 171 (9th Cir. 2011). This time, we do not find the district court clearly erred in making the factual findings supporting its Guideline calculation—a total offense level of 32—nor do we find that the district court abused its discretion in applying the Guidelines to the facts that it found when sentencing Klassy to 121 months' imprisonment. *United States v. Dann*, 652 F.3d 1160, 1175 (9th Cir. 2011).

The question underlying this appeal is whether the district court concluded properly that Klassy intended to cause more than $400,000 in losses to his creditors, thereby justifying its application of a 14-level enhancement to Klassy's offense level. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (prescribing offense level enhancements keyed to the amount of loss a defendant caused, or sought to cause, by his fraudulent conduct). The district court was entitled to calculate the losses Klassy intended to cause his creditors in either of two ways: as

the value of the assets Klassy attempted to conceal from them, or as the total amount of unsecured debt Klassy sought to discharge in bankruptcy. *Klassy I*, 409 F. App'x at 171–72 (citing *United States v. Bussell*, 504 F.3d 956, 962–63 (9th Cir. 2007)). Consequently, even if Klassy could, as he argues, prove at resentencing that he concealed under $400,000 in assets, he nevertheless sought to discharge more than $400,000 in unsecured debt, *see In re Klassy*, No. 03-26999 (Bankr. E.D. Cal. July 16, 2003) (Doc. No. 10), and—as the district court noted—could therefore be subject to the same 14-level enhancement. The district court did not err in applying it.

**AFFIRMED.**